<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

Michael Grego, JN-5553,           :
               Petitioner           :
                                     :
          v.                      :
                                     :
George J. Warden,             :   No. 231 M.D. 2024
               Respondent     :   Submitted: July 6, 2026


BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE MATTHEW S. WOLF, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE COVEY                            FILED: August 12, 2026


Before this Court are: (1) Michael Grego's (Grego) Reply to Monroe County's Clerk of Court George J. Warden's (Warden) Preliminary Objection to Grego's pro se amended petition for review (Petition) in the nature of a Motion to Dismiss or Transfer (Warden's Preliminary Objection), which this Court treats as a Preliminary Objection to Warden's Preliminary Objection (Grego's Preliminary Objection); and (2) Warden's Preliminary Objection. After review, this Court overrules Grego's Preliminary Objection and Warden's Preliminary Objection.


**Background**

On May 31, 2024, Grego filed the Petition in this Court's original jurisdiction seeking to have this Court enter an order compelling Warden to enter the documents in the Petition's accompanying Appendix at Exhibits C, D, E, F-1,

and G on the docket so the docket accurately "speaks the truth."[1]  Petition ¶ 14. Specifically, Grego avers that Warden's failure to perform his ministerial duty by accurately certifying the record prejudiced Grego by triggering an appeal period start date based on false information as it relates to the date the Monroe County Common Pleas Court (trial court) furnished him with its December 10, 2021 order denying Grego's Post Conviction Relief Act (PCRA)[2] petition, as demonstrated by the Pennsylvania Superior Court quashing his appeal as untimely after reviewing the certified record.  *See* Petition ¶¶ 7, 9; *see also* Petition Ex. A.  On March 19, 2025, Warden filed his Preliminary Objection to the Petition, alleging therein that this Court lacks subject matter jurisdiction.  On May 1, 2025, Grego filed his Preliminary Objection to Warden's Preliminary Objection.  By January 8, 2026 Order, this Court directed Warden to file an answer to Grego's Preliminary Objection, which Warden did on January 23, 2026.[3]

## Discussion

> In ruling on [preliminary objections], this Court must "accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that [it] may draw from the averments." *Highley v. Dep[*'t*] of Transp*[.], 195 A.3d 1078, 1082 (Pa. Cmwlth. 2018). However, [this Court] [is] "not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the [p]etition for review." *Id.* This Court should sustain [preliminary objections] only where "the law makes clear that the [p]etitioner cannot succeed on his claim." *Id.* at 1083. "[W]here any doubt exists as to whether the [preliminary objections] should be sustained,

---

[1] By October 10, 2024 Order, this Court granted Grego's Motion for Leave to Supplement Amended Petition for Review and accepted his re-labeled Exhibits F, F-1, and G.

[2] 42 Pa.C.S. §§ 9541-46.

[3] Thereafter, Grego filed an Application for Summary Relief pursuant to Pennsylvania Rule of Appellate Procedure 1532(b).

2

the doubt must be resolved in favor of overruling the [preliminary objections]." [*Pa.*] *State Lodge, Fraternal Ord*[.] *of Police v. Dep*[*'t*] *of Conservation & Nat*[.] *Res*[.], 909 A.2d 413, 416 (Pa. Cmwlth. 2019).

*Donahue v. PA Dep't of Hum. Servs.*, 347 A.3d 96, 101 (Pa. Cmwlth. 2025).

## Grego's Preliminary Objection

Grego argues that Warden's Preliminary Objection should be struck because Warden's counsel did not enter his appearance on or before January 24, 2025, and serve a written copy thereof on Grego by first class mail, as mandated by Pennsylvania Rules of Civil Procedure (Rules) 440(a)(1) and 1012(a). Warden rejoins that his filing does not establish any procedural or substantive defect in his Preliminary Objection. Specifically, Warden retorts that the absence or alleged defect of an entry of appearance does not divest this Court of its independent obligation to determine whether it possesses original jurisdiction over the action before it.

> Rule 440(a)(1) mandates:
>
> Copies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action. Service shall be made
>
> (i) by handing or mailing a copy to or leaving a copy for each party at the address of the party's attorney of record endorsed on an appearance or prior pleading of the party, or at such other address as a party may agree, or
>
> > *Note:* Such other address as a party may agree might include a mailbox in the prothonotary's office or an e-mail address.
> >
> > For electronic service by means other than facsimile transmission, see Rule 205.4(g).
>
> (ii) by transmitting a copy by facsimile to the party's attorney of record as provided by subdivision (d).

3

Pa.R.Civ.P. 440(a)(1).

Rule 1012(a) instructs, in relevant part:

A party **may** enter a written appearance which shall state an address at which pleadings and other legal papers may be served in the manner provided by Rule 440(a)(1) and a telephone number. The appearance may also include a telephone facsimile number as provided in Rule 440(d). Such appearance shall not constitute a waiver of the right to raise any defense including questions of jurisdiction or venue. Written notice of entry of an appearance shall be given forthwith to all parties.

*Note*: **Entry of a written appearance is not mandatory**.

Pa.R.Civ.P. 1012(a) (emphasis added). Because Warden was not required to file an entry of appearance and did not do so, Rule 440(a) is not applicable. Accordingly, Grego's Preliminary Objection is overruled.

**Warden's Preliminary Objection**

Warden argues that both the express language of Section 761(c) of the Judicial Code, 42 Pa.C.S. § 761(c), and this Court's prior decisions mandate that this Court's original jurisdiction to issue mandamus to courts of inferior jurisdiction is limited to those instances where the mandamus is ancillary to a pending appeal. Warden contends that because there is no appeal pending before this Court, and because any appeal from the trial court's dismissal of Grego's PCRA claims would go to the Pennsylvania Superior Court (as Grego's prior appeal to the Pennsylvania Superior Court demonstrates), this Court should decline to exercise original jurisdiction under Section 761(c) of the Judicial Code. Grego rejoins that this Court has original jurisdiction under Section 761(a) of the Judicial Code.

4

Section 761 of the Judicial Code provides, in relevant part:

> **(a) General rule.**--The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> (1) **Against the Commonwealth government**, including any officer thereof, acting in his official capacity[.]
>
> . . . .
>
> **(c) Ancillary matters.--The Commonwealth Court shall have original jurisdiction in cases of mandamus** and prohibition to courts of inferior jurisdiction and other government units **where such relief is ancillary to matters within its appellate jurisdiction**, and it, or any judge thereof, shall have full power and authority when and as often as there may be occasion, to issue writs of habeas corpus under like conditions returnable to the said court. To the extent prescribed by general rule[,] the Commonwealth Court shall have ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction.

42 Pa.C.S. § 761 (text emphasis added).

In reversing this Court in a case which held that a common pleas clerk of courts was not an officer of Commonwealth government for purposes of jurisdiction, the Pennsylvania Supreme Court explained:

> In reaching this conclusion, the Commonwealth Court cited [Section 761 of the Judicial Code], which addresses the bases for the Commonwealth Court's original jurisdiction. Section 761(a)(1) [of the Judicial Code] provides in pertinent part that: "The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings: . . . (1) [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity. . . ." 42 Pa.C.S. § 761(a)(1). The Commonwealth Court's conclusion conflicts with *In re Administrative Order No. 1-MD-2003*, . . . 936 A.2d 1, 7 ([Pa.] 2007). In that case, th[e Pennsylvania Supreme] Court considered the provisions of [Section 762 of the Judicial Code], which sets forth the bases for the

5

Commonwealth Court's jurisdiction over appeals from the courts of common pleas. Section 762 [of the Judicial Code] states in pertinent part that the Commonwealth Court has exclusive jurisdiction of appeals from final orders of trial courts in "[a]ll civil actions or proceedings: . . . (ii) [b]y the Commonwealth government, including any officer thereof acting in his official capacity." 42 Pa.C.S. § 762(a)(1)(ii). [The Pennsylvania Supreme Court] concluded that the Clerk of Courts of the Court of Common Pleas of Berks County "is considered to be the Commonwealth government as a Commonwealth officer" and thus the Commonwealth Court had jurisdiction to hear an appeal brought by the Clerk of Courts from a trial court order. [*Admin. Ord. No. 1-MD-2003*,] 936 A.2d at 7 (citing [Section 102 of the Judicial Code,] 42 Pa.C.S. § 102 (defining "Commonwealth government") and [article V, section 15 of the Pennsylvania Constitution, Schedule to Judiciary Article,] PA. CONST. Sched. art. V, § 15 (designating the clerk of courts as an officer of the court o[f] common pleas)).

Both Section 761 and Section 762 [of the Judicial Code] address claims involving "the Commonwealth government, including any officer thereof, acting in his official capacity. . . ." Th[e Pennsylvania Supreme] Court's rationale in . . . *Administrative Order No. 1-MD-2003* for designating a clerk of courts as a Commonwealth officer for purposes of Section 762 [of the Judicial Code] logically applies equally to Section 761 [of the Judicial Code].

*Richardson v. Peters*, 19 A.3d 1047, 1047-48 (Pa. 2011); *see also Begnoche v. Molner* (Pa. Cmwlth. No. 257 M.D. 2023, filed Sept. 25, 2025) (exercising original jurisdiction over an action against the Dauphin County Clerk of Courts).[4] Because this Court has jurisdiction over "all civil actions" against "officer[s]" of "the Commonwealth government[,]" 42 Pa.C.S. § 761(a)(1), this Court has original

---

[4] This Court's unreported memorandum opinions filed after January 15, 2008, may be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

jurisdiction over Grego's mandamus action against Warden. Accordingly, Warden's Preliminary Objection is overruled.

For all of the above reasons, Grego's Preliminary Objection and Warden's Preliminary Objection are overruled.

 

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Grego, JN-5553,       :
           Petitioner      :
                            :
        v.               :
                            :
George J. Warden,         :     No. 231 M.D. 2024
           Respondent    :

## O R D E R

AND NOW, this 12th day of August, 2026, Michael Grego's (Grego) Reply to Monroe County's Clerk of Court George J. Warden's (Warden) Preliminary Objection to Grego's amended petition for review (Petition) in the nature of a Motion to Dismiss or Transfer (Warden's Preliminary Objection), which this Court treats as a Preliminary Objection to Warden's Preliminary Objection is OVERRULED; and Warden's Preliminary Objection is OVERRULED. Warden is DIRECTED to file an answer to Grego's Petition within **30 days** from the date of this Order.

Further, Warden is DIRECTED to file an Answer to Grego's Application for Summary Relief within **14 days** from the date of this Order.


                                   _____
                                   ANNE E. COVEY, Judge